338 P.2d 264

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Frank F. LAWLER, Defendant-Appellant.**

No. 8732.

Supreme Court of Idaho.

April 22, 1959.

Boyd R. Thomas, Idaho Falls, for appellant.

Graydon W. Smith, former Atty. Gen., Frank L. Benson, Atty. Gen., Robert D. Wennergren and Wm. E. Swope, Asst. Attys. Gen., and Hugh C. Maguire, Jr., Pros. Atty., Pocatello, for respondent.

KNUDSON, Justice.

This action was presented to the trial court and is here upon a stipulation of facts the pertinent parts of which are as follows:

It is hereby stipulated between Hugh C. Maguire, Jr., prosecuting attorney for Bannock County, and Edward W. Pike, attorney for Frank F. Lawler, that the facts in the above entitled case are as follows:

That on March 17, 1956, at 11:40 a. m. a truck and trailer belonging to the V–1 Oil Company, Idaho Falls, Idaho, and driven in the scope of his employment by Frank F. Lawler, employee of the V–1 Oil Company, entered the McCammon Port of Entry grounds on U.S. highways 91–191, Bannock County, Idaho, and was weighed by Idaho State Police Officer M. F. Olsen. The truck was a 1950 Kenworth, unit No. 42, motor No. 601119, serial No. 58515, bearing Idaho 1956 truck plate No. 3786 and use-fee tab No. 13966, and a trailer bearing 1956 Idaho trailer plate No. 31521 and use-fee tab No. 13967.

This truck and trailer was registered in Idaho for the year 1956 for a declared combined gross weight of 72,000 lbs. The actual scale weight of these vehicles as recorded by the Port of Entry scales was: front axle, 8,300 lbs.; driver axle, 29,500 lbs.; front trailer axle, 17,800 lbs.; rear trailer axle, 17,750 lbs., this being a total gross weight of 73,350 lbs. and being in excess of the registration of this truck and trailer combination of 1,350 lbs.

It is further stipulated that the driver in charge of these vehicles, Frank F. Lawler, was issued a citation, No. 28889, by Officer M. F. Olsen, Idaho State Police, charging Lawler with operating this truck and trailer under section 49–127e of the Idaho Motor Vehicle Code, in that he operated these vehicles in violation by exceeding his registered and declared gross weight of these vehicles by 1350 lbs.

The offense with which appellant is charged is operating the vehicles described in the stipulation upon the highway when their combined gross weight exceeded by 1,350 lbs. the registered and declared maximum gross weight of such vehicles, allegedly in violation of Sec. 49–132 I.C. (formerly identified as Sec. 49–127e I.C.) The trial court adjudged defendant guilty and entered judgment accordingly, from which judgment this appeal is taken.

The only statute directly involved is said Sec. 49–132 I.C. which provides as follows:

"Penalties for exceeding maximum gross weight.—Any person who shall operate or cause, permit, or suffer to be operated upon any highway of this state any vehicle with a maximum gross weight in excess of the maximum gross weight for which the same has been registered under the provisions of this chapter shall be deemed to have set a new maximum gross weight and shall, in addition to any penalties otherwise provided in this section, be required to pay the additional fees as to such new maximum gross weight; provided, however, that if the combined gross weight of a combination of vehicles shall not exceed the maximum gross weight for which the combination of vehicles was registered under the provisions of this act then it shall be lawful for the maximum gross weight on any one unit of the combination of units to exceed the maximum gross weight for which the same was registered by 10% of such registered maximum gross weight. Any person who shall operate cause, permit, or suffer to be operated upon any highway of this state any vehicle or combination of vehicles with a maximum gross weight in excess of the maximum gross weight permitted by this chapter, without having paid the additional registration and use fees required, shall be guilty of a misdemeanor and upon first conviction shall be required to pay a fine of not less than ten dollars ($10.-00) nor more than twenty-five dollars ($25.00); upon a second conviction to pay a fine of not less than twenty-five dollars ($25.00) nor more than fifty dollars ($50.00); and upon a third conviction to pay a fine of not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00)."

The admitted fact is that appellant, at the time it is claimed that the violation occurred, had paid the maximum registration fee ($100) as required by Sec. 49–127 I.C. It is also the fact that under the provisions of the applicable statutes any use fee payable by appellant was not due and payable until April 20th following the alleged offense. There is no contention on the part of respondent that any fees, either registration or use, were due or unpaid at the time of the alleged offense. The only basis for the contention that appellant violated the provisions of said Sec. 49–132 I.C. (formerly Sec. 49–127e) is that he operated the vehicles involved upon the highway carrying a load weight in excess of the registered and declared gross weight of such vehicles.

■ The complaint in this case is predicated upon the theory that under said statute an offense is committed if a person operates upon any highway of the state any vehicle, or any combination of ve-

hicles, with a combined gross weight in excess of the maximum gross weight for which such vehicle or combination of vehicles is registered. The statute involved does not so provide. The plain provisions of the statute are:

"Any person who shall operate cause, permit, or suffer to be operated upon any highway of this state any vehicle or combination of vehicles with a maximum gross weight in excess of the maximum gross weight permitted by this chapter, *without having paid the additional registration and use fees required,* shall be guilty of a misdemeanor * * *." (Emphasis supplied.)

The conduct condemned by this statute is the operation of a vehicle or a combination of vehicles upon the highways of the state carrying a weight in excess of the declared or registered gross weight *without having paid a registration fee and use fee pursuant to the provisions of said Sec. 49–127 I.C.* The failure to pay either the required registration fee or the use fee is a necessary element of an offense or violation under the provisions of said Sec. 49–132 I.C.

Respondent contends that the intent of the legislature was to penalize one who operates a vehicle upon the highways when its maximum gross weight exceeds the declared and registered maximum gross weight. Had the legislature intended to enact such a provision it no doubt could have done so in simple language. But such is not the case. The language contained in this statute is clear, explicit and unambiguous and therefore does not require construction. We are not at liberty to enlarge by construction the words to include other conduct when it is not fairly included in the plain language of the act. It is a primary canon of statutory construction that where the language of a statute is unambiguous, the clear express intent of the legislature must be given effect and there is no occasion of construction. Moody v. State Highway Dept., 56 Idaho 21, 26, 48 P.2d 1108; Village of Oakley in Cassia County v. Wilson, 50 Idaho 334, 339, 296 P. 185; Boise Ass'n of Credit Men v. Seawell, 47 Idaho 473, 476, 276 P. 318; Drainage Dist. No. 2 of Ada County v. Ada County, 38 Idaho 778, 784, 226 P. 290; State v. Jutila, 34 Idaho 595, 597, 202 P. 566.

The complaint in this case does not allege any offense punishable under the provisions of said Sec. 49–132 I.C. nor does the stipulation of facts disclose the commission of any such offense.

The judgment of the trial court is reversed and it is ordered that this action be dismissed.

TAYLOR, SMITH and McQUADE, JJ., and MARTIN, District Judge, concur.

PORTER, C. J., not participating.