ALBERT E. SMITH, Appellant,

*v.*

ALLSTATE INSURANCE COMPANY, Appellee.

456 S.W.2d 654.

(*Nashville*, December Term, 1969.)

Opinion filed June 15, 1970.

DENNIS L. TOMLIN, Nashville, for appellant.

T. T. McCARLEY and WILLIAM CARTER CONWAY, Nashville, for appellee; EDWARDS, SCHULMAN, McCARLEY, HOLLINS & PRIDE, Nashville, of counsel.

424

Mr. Chief Justice Dyer delivered the opinion of the Court.

This is a declaratory judgment action brought by the insured, hereinafter referred to as the complainant, for a construction of certain provisions of the defendant Allstate's uninsured motorist endorsement and the Uninsured Motorist Act of Tennessee (T.C.A. Sections 56-1148 through 56-1153). The Chancellor held that the "physical contact" requirement contained in the defendant's policy is valid under the Uninsured Motorist Act; and that the so-called set-off provision of the uninsured motorist endorsement is likewise valid.

The case was tried on a stipulation of facts, which are as follows: On May 25, 1968, the complainant was run off the road by an unidentified vehicle, causing his automobile to strike a rock wall and utility pole; and the "unidentified motor vehicle did not come into 'physical contact' with the complainant's automobile."

Medical payments were made to the complainant, his wife and son under the "Automobile Medical Payments" provision of his policy. However, the complainant seeks additional coverage under the uninsured motorist endorsement of his policy and a declaration that the endorsement's definition of "hit-and-run automobile" is void to the extent that it required "physical contact" between the unidentified car and the car which the insured is occupying. The defendant denied liability under the above endorsement on the ground that there was no "physical contact."

"Further, the complainant insists that the * * * defendant has no right to deduct payments already under the medical payments provision of said policy from any payments which may be made under the Coverage 'S' endorsement," that being the uninsured motorist provision.

T.C.A. Section 56-1148 provides in part:

"*Automobile liability insurance—Uninsured motorist —Required coverage.—*

"No automobile liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle, shall be delivered or issued for delivery in this state with respect to any other motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than limits for bodily injury or death described in sec. 59-1206, subject to provisions filed with and approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of

bodily injury, sickness or disease, including death, resulting therefrom * * *''

The complainant's policy, which was in force at the time of the accident, includes an uninsured motorist endorsement, providing for ''Protection Against Bodily Injury by Uninsured Automobiles.'' In the policy the defendant agreed to ''pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile.'' One of the meanings ascribed to ''Uninsured automobile'' is a ''hit-and-run automobile,'' which in turn is defined in the policy as ''an automobile which causes bodily injury to an insured arising out of physical contact of such automobile * * * with an automobile which the insured is occupying at the time of the accident * * *'' Pursuant to Section 56-1148, this endorsement was submitted to and approved by the insurance commissioner.

■ Although the complainant has raised numerous issues in his assignments or error, the stipulations entered into between the parties provided that there were only two issues to be adjudicated by the Chancellor, namely:

''1. Whether the 'physical contact' requirement of the 'Coverage S' endorsement in the definition of a 'hit-and-run' vehicle * * * is valid under the Uninsured Motorist Act of Tennessee, being Section 56-1148 through Section 56-1153, Tennessee Code Annotated.

''2. Whether the provisions of said 'Coverage S' endorsement providing as follows:

'6 (d) the company shall not be obligated to pay under this Coverage that part of the damages which the insured may be entitled to recover from the

owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under the Medical Payments Coverage of the Policy'

is valid under said Uninsured Motorist Act.''

The issue relating to the validity of the ''physical contact'' requirement is the determinative question on this appeal, for if the Court concludes that the requirement is valid there will be absolutely no coverage under the uninsured motorist endorsement; and consequently, consideration of the second issue will be unnecessary.

The complainant insists that the defendant cannot limit its liability under the Uninsured Motorist Act by inserting conditions (''physical contact'') in its policy which are more restrictive than the Act; and that even though the insurance commissioner approved such conditions, his approval was nevertheless a nullity because it conflicts with the legislative intent. The defendant, on the other hand, contends that the ''physical contact'' requirement is valid because it was contained in the endorsement which was submitted to the insurance commissioner and approved by him in accordance with T.C.A. Section 56-1148.

The Tennessee Uninsured Motorist Statute, T.C.A. Section 56-1148, makes no mention of a requirement of physical contact between the insured vehicle and the uninsured or unknown vehicle. But, in other jurisdictions where there is no statutory authorization for such a requirement the majority of appellate courts which have considered the question have generally recognized the validity of such a provision inserted in an uninsured motorist endorsement. *Lawrence v. Beneficial Fire &*

*Casualty Ins. Co.* (1968), 8 Ariz.App. 155, 444 P.2d 446; *Frager v. Pennsylvania General Ins. Co.* (1967), 155 Conn. 270, 231 A.2d 531. *Roloff v. Liberty Mutual Ins. Co.* (La.App.1966), 191 So.2d 901; *Amidzich v. Charter Oak Fire Ins. Co.* (1969), 44 Wis.2d 45, 170 N.W.2d 813. We feel compelled to follow these judisdictions, not only for reasons of public policy, but also because the Tennessee Insurance Commissioner approved this endorsement containing the "physical contact" requirement and thereby effectuated its validity.

Although the Legislature delegated to the Insurance Commissioner the authority to approve or reject policy provisions filed with his office, his approval will not render policy endorsements invulnerable if they are violative of existing law. But since there is no apparent conflict between the provisions of the Uninsured Motorist Act and the policy requirement of "physical contact," the endorsements involved herein are not contrary to any existing law. Thus, when filed with and approved by the insurance commissioner the endorsements became a part of the laws of the State. *Commercial Union Ins. Co. v. Universal Underwriters, Inc.*, 223 Tenn. 80, 442 S.W.2d 614 (1969).

Neither is it difficult to fathom the commissioner's reasons for approving an endorsement containing a "physical contact" requirement. Such a limitation is a valid attempt by the insurer to prevent the insured from recovering damages in a case where his injuries resulted from his own negligence, without the intervention of another vehicle; but it is alleged that an unknown vehicle caused the accident and fled. The insurer, by inserting such a provision in its uninsured motorist endorsement,

is merely attempting to protect itself against fraudulent claims.

There is no doubt that our ruling will work a hardship and likewise seem inequitable in cases, such as the instant one, where it is undisputed that there was no attempt to defraud the insurer. But, when this is weighed against the fact that insurers need some protection against fraudulent claims, the reason for the rule becomes apparent.

Accordingly, the chancellor's decree is affirmed insofar as it upheld the validity of the "physical contact" requirement contained in the defendant's policy.

CRESON and McCANLESS, JUSTICES, and SMITH, SPECIAL JUSTICE, concur.

JENKINS, SPECIAL JUSTICE, not participating.