**Billye Sue PHELPS, Appellant,**

v.

**TWIN CITY FIRE INSURANCE COMPANY, Appellee.**

**No. 7328.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 3, 1972.

Rehearing Denied Feb. 24, 1972.

Seale & Stover, Jasper, for appellant.

Wm. Drew Perkins, Lufkin, for appellee.

DIES, Chief Justice.

Appellant, plaintiff below, sued appellee under the provisions concerning uninsured motorists. She alleged:

"That prior to November 27, 1970, and specifically on May 21, 1970, defendant issued to plaintiff its standard Family Automobile Policy, No. 61–PA–600138, with limits of liability in the amount of Ten Thousand ($10,000.00) Dollars for injury to any one person resulting from collision with an uninsured motorists, and said policy provided that defendant would pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury caused by said uninsured motorists. That said policy was in full

force and effect on November 27, 1970, the date on which the plaintiff was involved in a collision with an unidentified vehicle, which was a hit and run vehicle under the provisions of said policy."

The policy in question includes under "uninsured automobiles" a "hit-and-run automobile." This is defined in the policy as follows:

" '[H]it-and-run automobile' means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (a) there cannot be ascertained the identity of either the operator or the owner of such 'hit-and-run automobile'; (b) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and (c) at the company's request, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident."

Trial was to a jury which found that the truck did not stop, its identity could not be ascertained, and its driver failed to keep the truck completely within the right half of the highway which was "a proximate cause of the occurrence in question."

Plaintiff was absolved of all contributory negligence but in answer to the issue, "Do you find from a preponderance of the evidence that on November 27, 1970, a truck collided with plaintiff's automobile?", the jury answered, "We do not."

On this basis, the trial court entered judgment for the defendant and that plaintiff take nothing.

Plaintiff urges: (1) "The trial court erred in giving any consideration to the jury's answer to Special Issue No. 1 because a collision with a hit and run vehicle is not a prerequisite to recovery by the plaintiff in this case"; (2) because a "requirement of physical contact with a hit and run automobile is so against public policy it should not be enforced"; (3) there is no evidence to support the jury's answer to this issue; and (4) the jury's answer is "against the overwhelming weight and preponderance of the evidence."

We overrule these contentions.

Art. 5.06–1 of the Insurance Code, V.A.T.S., in part is as follows:

"(1) No automobile liability insurance (including insurance issued pursuant to an Assigned Risk Plan established under authority of Section 35 of the Texas Motor Vehicle Safety-Responsibility Act), covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state unless coverage is provided therein or supplemental thereto in the limits described in the Texas Motor Vehicle Safety-Responsibility Act, under provisions prescribed by the Board, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom."

Art. 5.06, V.A.T.S., of the Insurance Code is as follows:

"In addition to the duty of approving classifications and rates, the Board shall prescribe policy forms for each kind of insurance uniform in all respects except as necessitated by the different plans on which the various kinds of insurers operate, and no insurer shall thereafter use

any other form in writing automobile insurance in this State; provided however, that any insurer may use any form of endorsement appropriate to its plan of operation, provided such endorsement shall be first submitted to and approved by the Board; and any contract or agreement not written into the application and policy shall be void and of no effect and in violation of the provisions of this subchapter, and shall be sufficient cause for revocation of license of such insurer to to write automobile insurance within this State."

 The hit and run sections of this policy were approved by the State Board of Insurance (Texas Standard Provisions for Automobile Policy 1966). We are unable to say that these contravene public policy. In fact, this is an extension of the uninsured motorist protection and allows one to prevail when it is impossible to prove whether a hit and run automobile is or is not insured.

■ Since plaintiff brought this claim under this section of the policy, it was her burden to bring herself under its protection, including the requirement of physical contact between the two vehicles. Where the terms of an automobile policy are plain, definite and unambiguous, the courts cannot vary them. Maryland Casualty Co. v. Hudgins, 97 Tex. 124, 76 S.W. 745, 747 (1903); Transport Insurance Co. v. Standard Oil Co. of Texas, 161 Tex. 93, 337 S. W.2d 284, 288 (1960); and Allstate Insurance Company v. Wallace, 435 S.W.2d 537, 539 (Tex.Civ.App., Fort Worth, 1968, no writ).

■ It is true that Special Issue No. 1 inquired whether "a truck collided with plaintiff's automobile" rather than in the language of "physical contact" of the policy, but this was plaintiff's issue and she cannot be heard to complain of its form.

As to the sufficiency of the evidence, while it is true plaintiff testified the truck "bumped into my left hand side of the car,"

neither Highway Patrolman White nor the witness, Height, a body shop operator, could find any evidence of contact with the truck. The jury chose to believe these witnesses, which was its prerogative.

The judgment of the trial court is affirmed.