527 P.2d 918 (1974)
FARMERS INSURANCE EXCHANGE, an inter-insurance exchange, Plaintiff-Appellee,
v.
Paul F. McDERMOTT, Defendant-Appellant.
No. 73-431.
Colorado Court of Appeals, Div. II.
August 20, 1974.
Rehearing Denied September 10, 1974.
Certiorari Denied November 11, 1974.
Dosh, DeMoulin, Anderson & Campbell, Laird Campbell, Denver, for plaintiff-appellee.
Frickey, Cairns & Wylder, P.C., Earl S. Wylder, Denver, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
Plaintiff insurance company brought this action seeking a declaratory judgment to determine whether defendant's loss from a "hit-and-run" accident falls within the coverage *919 of an insurance policy issued by plaintiff. The case, involving a personal injury, was submitted to the trial court upon stipulated facts and a declaratory judgment was entered in favor of the insurance company. We reverse.
The parties stipulated that the defendant and an independent eyewitness would, if called as witnesses, testify that the accident in which defendant was involved resulted when an unidentified automobile pulled into defendant's lane of traffic and caused him to swerve. Defendant's car then struck a guard rail and bounced into another lane of traffic, striking a third vehicle. It was also stipulated that the witnesses would testify that there was no physical contact between defendant's vehicle and the vehicle of the unidentified driver, and that plaintiff would not call witnesses to controvert such testimony from defendant and the eyewitness.
The only issue presented is whether defendant is entitled to coverage under the policy of insurance issued by plaintiff to defendant. That policy contained a standard "uninsured motorist" provision. The definition of an uninsured motor vehicle under this provision includes a "hit-and-run" vehicle which is further defined as follows:
"Hit-and-Run Motor Vehicle means a motor vehicle which causes bodily injury arising out of physical contact of such motor vehicle with the insured or with an automobile which the insured is occupying at the time of the accident, provided (a) there cannot be ascertained the identity of either the operator or the owner of such `hit-and-run motor vehicle' . . . ." (emphasis added)
Defendant argues that this provision of the policy, insofar as it requires a physical contact between the insured vehicle and the "hit-and-run" vehicle, is invalid as an impermissible restriction upon the coverage which is required by the Colorado uninsured motorist statute, 1965 Perm. Supp., C.R.S. 1963, 72-12-19. We agree.
The statute provides as follows:
"No automobile liability or motor vehicle liability policy . . . shall be delivered or issued for delivery in this state . . . unless coverage is provided. . . for bodily injury or death . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom . . . ."
The following section, 1965 Perm.Supp., C.R.S. 1963, 72-12-20, is a declaration of public policy by the legislature stating the following:
"[I]t is the policy of this state to induce and encourage all motorists to provide for their financial responsibility for the protection of others, and to assure the widespread availability to the insuring public of insurance protection against financial loss caused by negligent financially irresponsible motorists." (emphasis added)
This declaration of policy is made with specific reference to the preceding section. See also Morgan v. Farmers Insurance Exchange, Colo., 511 P.2d 902.
Two divergent lines of authority appear to exist on the issue before us. One view is that the physical contact restriction is not in conflict with the uninsured motorist statute. See, e. g., Prosk v. Allstate Insurance Co., 82 Ill.App.2d 457, 226 N.E.2d 498, 25 A.L.R.3d 1294. However, other courts have held under statutes very similar to ours, that the physical contact rule is inconsistent with the public policy of the state. State Farm Fire & Casualty Co. v. Lambert, 291 Ala. 645, 285 So.2d 917; Brown v. Progressive Mutual Insurance Co., 249 So.2d 429 (Fla.). See also Costa v. St. Paul Fire & Marine Insurance Co., 228 Cal.App.2d 651, 39 Cal.Rptr. 774; Doe v. Brown, 203 Va. 508, 125 S.E.2d 159.
The cases which uphold the physical contact rule are based on the premise that *920 the statute was intended to apply only when the negligent party actually has no insurance coverage. They reason that there is no presumption of a lack of insurance where the negligent party remains unidentified and that therefore, those drivers should not be included within the definition of uninsured motorists under the statute. In their view, the hit-and-run coverage provided by most insurance companies is coverage which actually goes beyond the coverage required by the statute and the physical contact requirement cannot constitute an undue restriction upon the required coverage.
We find this reasoning unpersuasive. Instead, we conclude that the key to the application of the uninsured motorist statute is the inability of the innocent injured party to recover for a loss caused by another's negligence, whether that person is known or unknown. There can be no doubt as to the liability of the errant driver here, had his identity been known. While the language of the statute focuses on the problems of an uninsured motor vehicle, its applicability is not limited to those situations in which the identity of the negligent party is known. Furthermore, the declaration of public policy expresses the legislature's prime concern as the need to compensate the innocent driver for injuries received at the hands of one from whom damages cannot be recovered. Morgan v. Farmers Insurance Exchange, supra. Thus, we conclude that the statute does require coverage for hit-and-run drivers. State Farm Fire & Casualty Co. v. Lambert, supra; Brown v. Progessive Mutual Insurance Co., supra.
Since we have concluded that the term "uninsured motor vehicle" found in the statute and the contract includes motor vehicles whose drivers cannot be identified, we must now decide whether the physical contact restriction in the policy constitutes a reasonable restriction upon the coverage required by the statute. This restriction does not appear in the Colorado uninsured motorist statute. On the contrary, 1965 Perm.Supp., C.R.S. 1963, 72-12-19 and 72-12-20 evince the legislature's intent to require comprehensive coverage for this type of accident. Hence, the physical contact restriction in the policy is an impermissible restriction upon the broad coverage required under the uninsured motorist statute.
Judgment reversed.
SILVERSTEIN, C. J., and SMITH, J., concur.