Brenda HUELSMAN and Harry Huelsman, an infant suing by and through his mother and next friend, Brenda Huelsman, and Robin Huelsman, an infant, suing by and through her mother and next friend, Brenda Huelsman, Appellants,

v.

NATIONAL EMBLEM INSURANCE COMPANY, a/k/a Allstate Indemnity Company and Unknown Defendant, Appellees.

Court of Appeals of Kentucky.

May 20, 1977.

William J. Kathman, Jr., Busald, Funk & Zevely, PSC, Florence, for appellants.

Rodney S. Bryson, Ware, Bryson, Nolan, West & Hiltz, Covington, for appellees.

Before HOWERTON, HAYES and REYNOLDS, JJ.

HOWERTON, Judge.

Appellants were the plaintiffs in the trial court. Appellees were the defendants along with Harry Huelsman, husband and father of the Appellants and driver of the vehicle in which they were injured. The Appellee insurance company was a party because of the uninsured motorist coverage provided in the Huelsman policy. The unknown defendant was the alleged operator of a vehicle which forced the Huelsman vehicle off the road.

The trial court dismissed the claim against the insurance company because there was no physical contact between the two vehicles. As to protection against unidentified motorists, the policy provided protection only for "hit and run" situations. The jury found Harry Huelsman not at fault, and found the unknown defendant to be totally at fault. Judgment was entered

against the Appellee, unknown defendant, and damages were awarded to Brenda Huelsman in the amount of $13,512.12 and to the two infants in the amount of $17.00. The Appellants now appeal to set aside the Summary Judgment in order to collect the damages from the insurance company.

The primary question presented on this appeal is whether or not the physical contact requirement contained in an insurance policy providing uninsured motorist coverage is a valid contractual limitation. Counsel for both sides have presented excellent arguments with extensive research to support their views. We compliment each counsel but hold that such limitations are valid and are not against public policy. We, therefore, must affirm the trial court in this instance.

On July 28, 1973, Harry G. Huelsman was operating his vehicle in Kenton County, Kentucky. Passengers in the vehicle at the time included his wife, Brenda, and their two infant children, Harry and Robin. The Huelsmans had just left a drive-in restaurant and were heading toward Covington when the driver observed a black automobile approaching them at a high rate of speed. In an effort to clear the path of this phantom vehicle, Harry Huelsman steered his automobile to the right and collided with a telephone pole. There was no contact of any nature between the Huelsman vehicle and the vehicle driven by the unknown defendant motorist, an Appellee herein.

The Appellee, National Emblem Insurance Company, was granted a Summary Judgment based on depositions and evidence that there was no physical contact between the two automobiles. Except for the fact that there was no physical contact between the insured's vehicle and the vehicle operated by the unidentified driver, all other prerequisites have been complied with for recovery under the uninsured motorist policy provisions.

The Kentucky Uninsured Motorist Statute (KRS 304.20–020) does not mention "hit and run" vehicles, and coverage for injury by any unidentified motorist is an added,

unrequired feature of the policy. The first section of the statute requires that coverage be offered in every liability policy issued within the state in the amount set by the Financial Responsibility Statute, KRS 187.330(3), for the "protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . ." KRS 304.20–020(2) defines "uninsured motor vehicle" in the following language:

> For the purpose of this coverage the term "uninsured motor vehicle" shall, *subject to the terms and conditions of such coverage,* be deemed to include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency; an insured motor vehicle with respect to which the amounts provided, under the bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such motor vehicle, are less than the limits described in subsection (3) of KRS 187.330; and an insured motor vehicle to the extent that the amounts provided in the liability coverage applicable at the time of the accident is denied by the insurer writing the same. (Emphasis added)

In addition to the known uninsured motor vehicle, the statute specifically sets out those situations in which an insured motor vehicle shall be deemed to be an uninsured motor vehicle. It does not provide that a motor vehicle will be considered uninsured when the driver flees the scene and cannot be identified. If the legislature had intended to include "hit and run" vehicles within the mandated coverage, it could have done so.

In 1971, the Kentucky Court of Appeals refused to allow the wife of an insured motorist to recover under his uninsured motorist coverage when she was excluded from compensation because of a "household exclusion". The Court interpreted KRS 304.20–020(2) in *Allen v. West American*

*Insurance Company,* Ky., 467 S.W.2d 123, at p. 126 (1971), as follows:

. . . The Legislature recognized that there would be "terms and conditions of such coverage" to which the statute's application would be subject. In that same portion of the statute (subsection 2), the Legislature enumerated only three situations in which an insured motor vehicle will be deemed an "uninsured motor vehicle" within the meaning of [uninsured motorist] coverage. If the solons had intended that the [uninsured motorist] provisions should become applicable with respect to an insured [motor] vehicle regardless of the policy provisions, it is difficult to discern why the words "subject to the terms and conditions of such coverage" were employed.

The uninsured motorist coverage issued by the Appellee insurance company provides protection to the insured for injuries sustained as the result of accidents caused by an uninsured automobile. The policy also provides for limited protection against injuries received in an accident caused by a vehicle whose driver flees the scene, thereby making it impossible to determine whether or not the driver was uninsured. This protection was contracted for when the policy was purchased. It extends to hit and run vehicles only if the injuries arise out of a "hit" or physical contact caused by the unidentified motorist. Since the statute requiring and regulating uninsured motorist coverage does not require a coverage for hit and run vehicles, that protection offered in the policy of the Appellee insurance company is unrequired and in excess of the mandated coverage. It may be validly limited to those accidents arising out of physical contact.

Appellants list Arizona, Missouri, Ohio, Texas and Indiana as upholding the physical contact requirement. Appellee further lists the states of Tennessee, Mississippi, Wisconsin and Louisiana as upholding such requirement. See, *Smith v. Allstate Insurance Company,* 224 Tenn. 423, 456 S.W.2d 654 (1970); *Aetna Casualty & Surety Company v. Head,* Miss., 240 So.2d 280 (1970);

*Amidzich v. Charter Oak Fire Insurance Company,* 44 Wis.2d 45, 170 N.W.2d 813 (1969); and *Olympia Roofing Company v. City of New Orleans,* La., 234 So.2d 273 (La.App.1970).

Some statutes contain no definition of the uninsured motorist, leaving the courts free to supply their own. However, a sampling of the uninsured motorist statutes indicates that where the statute is specific in defining an uninsured motor vehicle, the courts are not free to imply a public policy. Some jurisdictions which have declared a physical contact limitation as void have had statutes which included hit and run coverage requirements. Courts could at least conclude that since hit and run coverage was required that a public policy had been mandated to cover all situations involving unidentified motorists.

Ohio has upheld the hit and run physical contact requirement. The Ohio statute (O.R.C. 3937.18B) states that "A motor vehicle is uninsured if the liability insurer denies coverage or is or becomes the subject of insolvency proceedings in any jurisdiction." In the case of *Traveler's Indemnity Company v. Reddick,* 37 Ohio St.2d 119, 308 N.E.2d 454 at p. 457 (1974), the court provided, that if insurers are to be required to provide protection in automobile accidents caused by all unidentified vehicles without regard to the policy requirement of physical contact, "it is a requirement for the General Assembly to enunciate and not the courts".

Where it has been determined that the applicable uninsured motorist statute does not require that coverage be extended to hit and run vehicles, or unidentified motorists, the policy requirement of physical contact has been upheld as a reasonable attempt to define the risks against which protection is to be provided and as a valid limitation to prevent fraud against the insurer. (See, 25 A.L.R.3d 1299.) The language of the insurance contract is clear and unambiguous, and if the Appellants were to prevail in their appeal, the insurer would be required to compensate the insured for a risk which was not contemplated and for which no compensation was paid. The limits of the risk were clearly defined.

Appellants also insist that the primary purpose of such a limitation is to prevent fraud and that such is not necessary where a jury finds an unknown, unidentified defendant to be at fault. The trial court, in this action, found the unknown defendant to be negligent and totally at fault and entered an award in favor of the plaintiff, Brenda Huelsman, in the amount of $13,512.12 and in favor of the two minor children in the amount of $17.00. We cannot agree, however, that a jury verdict, in an uncontested tort case, is necessarily a fraud preventer.

To open the door for all claims against unknown and unidentified drivers, where no physical contact had occurred between the vehicle of the unknown party and the claimant, would open the door for all types of fraud. Many who simply run off the road would seek compensation by claiming that someone ran them off the road. Also, judgments could frequently arise from claimants who had simply over-reacted or who were negligent themselves in a traffic situation and sustained bodily injuries and property damages. Appellee argues, it is as likely as not that if there is no contact between the vehicles, the negligent tortfeasor is fully insured but unaware that he has caused an accident. If there is physical contact and the driver leaves the scene, one of the more likely reasons for his flight is because he does not have insurance. The points may or may not be true or appropriate, but the physical contact requirement in the policy removes the need for such speculation.

The only Kentucky case, thus far, to deal with the physical contact requirement is *Ogden v. Employers Fire Insurance Company*, Ky., 503 S.W.2d 727 (1973).[1] That case dealt with the procedural point that where there was evidence of physical contact, however weak, a Motion for Summary Judgment should be overruled. In the case at bar, however, there has been no claim whatsoever of any kind of physical contact between the claimant and the phantom vehicle.

While the physical contact requirement may work a hardship in some cases, this case is representative of the factual situation in which it is most easily justified. The insured entered a four-lane street and his wife and children were injured when his vehicle struck a telephone pole. While sympathy is due the injured parties, recovery under the uninsured motorist provision of the policy is not.

The trial court was correct in granting the Appellee insurance company a Summary Judgment. We need not consider Appellant's other question relating to this court entering judgment for the Appellant against the insurer if the Summary Judgment was erroneous. The judgment of the trial court is affirmed.

All concur.

1. Since this opinion was prepared the Supreme Court of Kentucky has rendered an opinion in *Jett v. Doe*, Ky., 551 S.W.2d 221 (1977) which reaches the same result.