707 P.2d 397

**Glenn HAMMON and Ethel Hammon, husband and wife, Plaintiffs-Appellants,**

v.

**FARMERS INSURANCE COMPANY OF IDAHO and Rex L. Woolf, Defendants-Respondents.**

No. 15888.

Supreme Court of Idaho.

July 11, 1985.

Lloyd J. Webb, of Webb, Burton, Carlson, Pedersen & Paine, Twin Falls, for appellants.

Richard T. St. Clair, of St. Clair, Hiller, Wood & McGrath, Idaho Falls, for respondents.

M. Allyn Dingel, Jr., and Lawrence G. Sirhall, Jr., of Elam, Burke & Boyd, Boise, for amicus curiae, State Farm Mut. Auto. Ins. Co.

DONALDSON, Chief Justice.

Glenn and Ethel Hammon brought a declaratory judgment action in district court seeking a declaration that they were entitled to payment on their claim for uninsured motorist benefits. The Hammons alleged that they were the victims of a traffic accident caused by an unknown motorist. They maintained that on July 17, 1980, as they were driving towards Blackfoot Reservoir, on the "Old Bone Highway" in eastern Idaho, a red pickup truck with a campershell traveling in the opposite direction veered across the center of the roadway and forced them off the road. The accident left Mrs. Hammon permanently paralyzed in the lower portions of her body. The identity of the red pickup, or its driver, was never discovered.

At the time of the accident, the Hammons were insured under two automobile liability policies, one for each of the vehicles they owned. Each policy provided uninsured motorist coverage with a maximum benefit of $10,000 per person and $20,000 per accident. The policies excluded coverage where the insured was injured while occupying an automobile (other than the insured vehicle) owned by the insured.

The Hammons reported the accident to their insurance carrier, Farmers Insurance Company of Idaho (Farmers). Farmers paid them $2,000 in medical benefits but denied their claim for uninsured motorist benefits on the ground that the accident did not meet the "physical contact" requirement contained in their insurance policy. The insurance policy expressly limited uninsured motorist coverage to injury by vehicles known to be uninsured or by "hit-and-run vehicles" that had come into "physical contact . . . with the insured or with an automobile which the insured [was] occupying at the time of the accident. . . ."

The Hammons asked the district court to hold, first, that the physical contact requirement contained in their insurance policy was void because it narrowed the scope of Idaho's statutorily mandated uninsured motorist protection, and, second, that their potential recovery should not be limited to the uninsured motorist coverage in the policy on the particular vehicle in which the accident occurred. In other words, they asked to be allowed to "stack" their insurance policies. Both parties moved for summary judgment. The district court concluded that the physical contact requirement was valid and that, as it was undisputed that there was no physical contact involved in the alleged accident, Farmers was entitled to summary judgment as a

matter of law. The court declined to address the stacking question.

The Hammons appealed and their case was assigned to the Court of Appeals. The Court of Appeals held that the physical contact requirement in the uninsured motorist section of the Hammons' insurance policy was contrary to Idaho's uninsured motorist statute, I.C. § 41–2502, and reversed the summary judgment. On the question of whether the Hammons' potential recovery was limited to the uninsured motorist coverage in the policy covering the vehicle involved in the accident, the court held that such a limitation was also contrary to I.C. § 41–2502 and concluded that should the Hammons succeed in proving their case at trial, the uninsured motorist coverage in the two policies could be stacked.

Farmers petitioned this Court for review of the Court of Appeals' decision. State Farm Mutual Automobile Insurance Company applied for leave to appear as amicus curiae in support of the Petition for Review. In an order dated February 8, 1985, this Court granted both motions.

Two issues are presented by this appeal. First, whether the "physical contact" requirement in the "hit-and-run" provision of the Hammons' automobile liability insurance policy is in derogation of the Idaho uninsured motorist statute and is therefore void as against public policy? Second, whether the uninsured motorist benefits under the Hammons' two insurance policies may be "stacked"? Because we hold that the physical contact requirement is not void as contrary to the Idaho uninsured motor-ist statute, we find it unnecessary to address the stacking issue.

I.C. § 41–2502 requires that coverage be offered in every automobile liability insurance policy in the amount set forth by statute "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles...." [1] The Hammons urge that the term "uninsured motor vehicle" should be construed to include an "unidentified motor vehicle." However, it is a fundamental rule of statutory construction that the language of a statute must be given its common and ordinary meaning. *See, e.g., Florek v. Sparks Flying Service, Inc.,* 83 Idaho 160, 359 P.2d 511 (1961). "[W]here the language of a statute is unambiguous, the clear express intent of the legislature must be given effect and there is no occasion of construction." *State v. Lawler,* 81 Idaho 171, 175, 338 P.2d 264, 266 (1959).

An "uninsured" vehicle is clearly not the same as an "unidentified" vehicle. The statute directs that coverage be made available for the protection of persons insured thereunder who are legally entitled to recover from owners or operators of uninsured motor vehicles. This language obviously contemplates that there is proof of the identity of the owner or operator of the vehicle; otherwise it could not be ascertained that the vehicle was uninsured. Normally, when the vehicle is a hit-and-run automobile, such identity cannot be ascertained. Thus, we conclude that hit-and-run coverage is neither mandated nor prohibit-

---

1. I.C. § 41–2502 reads as follows:

"**41–2502. Uninsured motorist coverage for automobile insurance.**—No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any natural person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death as set forth in section 49–1505, Idaho Code, as amended from time to time, under provisions approved by the director of the department of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the named insured shall have the right to reject such coverage, which rejection must be in writing; and provided further, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer."

ed under the Idaho uninsured motorist statute.[2]

By providing uninsured motorist coverage in hit-and-run situations, even though restricted to instances where there was physical contact between the vehicles involved, Farmers has actually provided greater uninsured motorist coverage than is required under the Idaho statute. Because the Idaho statute neither mandates nor prohibits uninsured motorist coverage in hit-and-run situations, the physical contact requirement becomes a matter of contract between the insured and the insurer which we will not disturb.

In addition, we note that the insurance policy form at issue in this case was specifically approved by the Idaho Director of Insurance. All insurance policies issued in this state must be filed with and approved by the director. In fact, the uninsured motorist statute itself specifically mentions that automobile insurance policies must be approved by the director. *See* I.C. § 41–2502. The director's construction of insurance policies is entitled to great weight and will be followed by this Court absent cogent reasons for holding otherwise. *Kopp v. State,* 100 Idaho 160, 163, 595 P.2d 309, 312 (1979).

The district court properly concluded that the physical contact requirement in the Hammons' insurance policy was not in derogation of the Idaho uninsured motorist statute and granted summary judgment to Farmers. Accordingly, the decision of the Court of Appeals is vacated, and the judgment of the district court is affirmed.

Costs to respondents.

No attorney fees.

SHEPARD and BAKES, JJ., concur.

BISTLINE, Justice, dissenting.

In a carefully considered, scholarly, and unanimous opinion, the Court of Appeals (Burnett, J.) held that insurance policy provisions which cover accidents between the insured and hit-and-run motorists only when there was actual physical contact made by the offending vehicle were in violation of the policy of Idaho's uninsured motorist coverage statute, I.C. § 41–2502. That statute requires insurance company agents who sell liability insurance policies to offer coverage "of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." *Id.* The majority vacates the Court of Appeals' decision in an opinion which boils down to a one-liner: because "[a]n 'uninsured' vehicle is clearly not the same as an 'unidentified' vehicle," the statute does not apply to hit-and-run situations. *Ante,* p. 399. The majority necessarily indulges in the assumption that the legislature intended to leave unprotected Idahoans who hold uninsured motorist coverage whenever reckless or drunk unknown drivers force them from the road. In the process, the majority continues what some will see as a near crusade to keep Idaho safe for insurance companies, but consequently unsafe for far too many policy holders.

To bolster its holdings that the statutory term "uninsured" is exclusive of "unidentified" vehicles, the majority emphasizes the statute's requirement that the insureds

2. Of the 19 states with uninsured motorist statutes which, like I.C. § 41–2502, simply afford protection to an insured who is legally entitled to recover from the owner or operator of an uninsured motor vehicle without mentioning physical contact, 11 have upheld the physical contact requirement. *See Balestrieri v. Hartford Accident Indemnity Insurance Co.,* 112 Ariz. 160, 540 P.2d 126 (1975); *Ward v. Consolidated Underwriters,* 259 Ark. 696, 535 S.W.2d 830 (1976); *Rosnick v. Aetna Casualty and Surety Co.,* 172 Conn. 416, 374 A.2d 1076 (1977); *Ely v. State Farm Mutual Automobile Insurance Co.,* 148 Ind.App. 586, 268 N.E.2d 316 (1971); *Huelsman v. National Emblem Insurance Co.,* 551 S.W.2d 579 (Ky.Ct.App.1977); *Collins v. New Orleans Public Service, Inc.,* 234 So.2d 270 (La.Ct.App. 1970); *Citizens Mutual Insurance Co. v. Jenks,* 37 Mich.App. 378, 194 N.W.2d 728 (1971); *Ward v. Allstate Insurance Co.,* 514 S.W.2d 576 (Mo. 1974); *Buckeye Union Insurance Co. v. Cooperman,* 33 Ohio App.2d 152, 293 N.E.2d 293 (1972); *Smith v. Allstate Insurance Co.,* 224 Tenn. 423, 456 S.W.2d 654 (1970); *Phelps v. Twin City Fire Insurance Co.,* 476 S.W.2d 419 (Tex.Civ.App.1972).

must establish that they are "legally entitled to recovery from owners or operators of uninsured motor vehicles." *Ante*, p. 399. To know whether or not the vehicle was uninsured, the argument continues, one must prove the identity of the driver and establish that the vehicle was uninsured. It follows, so the majority concludes, that unidentified motor vehicles are not included under the Idaho statute as uninsured motor vehicles. The flaw in this rationale is that it begs the essential question: from the perspective of the victim, what is the scope of the term "uninsured"?

In reality, the scope of the uninsured motorist coverage statute is a question worthy of the most careful consideration. In contrast with the majority, the Court of Appeals comprehensively addressed the question. Its decision, discussed in outline here, should be consulted for complete treatment. *Hammon v. Farmers Insurance Group*, 107 Idaho 770, 692 P.2d 1202 (Ct.App.1984). As the Court of Appeals noted, I.C. § 41–2502 and its accompanying statutes "are silent on whether an unidentified vehicle, such as the red pickup in this case, is to be regarded as 'uninsured.'" *Hammon*, 692 P.2d at 1204.

As the majority notes, to date a numerical majority of the courts reviewing state statutes which, like I.C. § 41–2502, make no mention of hit-and-run drivers or of physical contact requirements in insurance policies, have upheld the physical contact requirements. *Ante*, p. 400 n. 2. But, as the majority failed to note, a *growing* number of courts, like the Court of Appeals, have found that physical contact requirements violated the intent of these statutes. As Professor Alan Widiss stated in his treatise:

> [I]n many states the uninsured motorist statutes do not specifically require—or even mention—coverage for hit-and-run accidents. In these states, insurance companies have often argued that when an insurance policy provides coverage for hit-and-run accidents, the coverage is broader than that required by the statutes and that, therefore, insurance companies should be free to define the coverage term for the hit-and-run insurance. Several courts have accepted this theory. However, during the past five years, courts in an *increasing* number of states have concluded (1) that even though there is no specific reference to accidents caused by unknown motorists in the uninsured motorist statute, the statutory mandate contemplates coverage for such accidents, and (2) that provisions in insurance policies restricting coverage to accidents that are caused by unknown motorists to only those instances when a "physical contact" occurred, are in derogation of the purposes of the statute.
>
> 1 A. Widiss, *Uninsured and Underinsured Motorist Insurance* § 9.8, p. 348 (1985) (emphasis added) (footnotes omitted).

This two-step reasoning process is described below.

Unlike the majority, the courts referred to by Professor Widiss looked beyond undefined terms such as "uninsured motorist" and "uninsured motor vehicle" to the purpose of the statute. As the Colorado Court of Appeals succinctly stated: "[T]he legislature's prime concern [is] the need to compensate the innocent driver for injuries received at the hands of one from whom damages cannot be recovered." *Farmers Insurance Exchange v. McDermott*, 34 Colo.App. 305, 527 P.2d 918, 920 (1974); *Accord, e.g., Brown v. Progressive Mutual Insurance*, 249 So.2d 429, 430 (Fla.1971) ("The statute is designed for the protection of injured persons, not for the benefit of insurance companies or motorists who cause damage to others."). No conscientious legislature, and certainly not the Idaho legislature, can be said to have conscionably intended that Idaho victims of hit-and-run drivers be strung along the roadside destitute of third-party insurance coverage simply because they were unable to identify the fleeing wrongdoers. In order to provide adequate protection to insured motorists, the legislature must have believed hit-and-run vehicles to be essentially "uninsured" for the purposes of this statute, as their insurance is just as surely

inaccessible to their victims as though it did not exist.

Though the majority dwells on the face value of the words of the statute, this Court has long recognized that it sometimes must probe deeper for a statute's meaning:

"In construing a statute, it is the duty of this court to ascertain the legislative intent, and give effect thereto. In ascertaining this intent, not only must the literal wording of the statute be examined, but also account must be taken of other matters, 'such as the context, *the object in view, the evils to be remedied, the history of the times and of the legislation upon the same subject, public policy,* contemporaneous construction, and the like.' *In re Gem State Academy Bakery,* 70 Idaho 531–541, 224 P.2d 529, 535 [1950]." *Messenger v. Burns,* 86 Idaho 26, 29–30, 382 P.2d 913, 915 (1963). *Local 1494 of International Association of Firefighters v. City of Coeur d'Alene,* 99 Idaho 630, 639, 586 P.2d 1346, 1355 (1978) (emphasis added).

In reviewing the uninsured motorist coverage statute, to end all analysis at the surface is to frustrate the statute's purpose.

Having acknowledged that victims of hit-and-run motorists were protected by I.C. § 41–2502, the Court of Appeals held that the physical contact provision contravened the purpose of the statute, and thus was void. Such a holding was by no means unprecedented. As Professor Widiss reported:

Courts in several states have now allowed recoveries in instances in which there was no physical contact on the basis that the insurers were not entitled to enforce the physical contact requirement because it was in derogation of the uninsured motorist legislation and therefore void.

1 A. Widiss, *supra,* at § 9.7, p. 346. Representative of these is the Supreme Court of Hawaii, which reasoned:

[W]e here hold that the physical impact requirement cannot be used by defendant-insurer to defeat an insured's other-wise valid claim. For us to enforce insurer's physical impact contractual prerequisite would, in effect, amount to our propping up of an arbitrary barricade erected to eliminate all claims for damages resulting from one car accidents. Since it is clear that one car accidents can be caused by the negligent operation of a second "uninsured" vehicle (as here) any contractual prerequisite of physical contact between automobiles undermines the statutory purposes of HRS 431–448.

. . . .

Because insurer's contractual requirement of physical impact unjustifiably impedes effectuation of the statutory policy of protection for insureds against damage from the negligence of unidentified drivers, ... it cannot stand.

*DeMello v. First Insurance Co. of Hawaii, Ltd,* 55 Hawaii 519, 523 P.2d 304, 308–310 (1974).

Otherwise, the victims of hit-and-run drivers who were skillful and careful enough to avoid contact, but unfortunate enough to have a physical contact clause in their policies, ironically would be left without coverage.

The usual defense of physical contact provisions is that they protect insurance companies from fraudulent claims. The Hawaii Court responded:

We also note the clear possibility of instances in which the contractually imposed requirement will not fulfill its justifiable objective of eliminating fraudulent claims. A claimant with a fraudulent claim can bolster the same, if necessary, by damaging his own car to leave apparent proof of the requisite "physical contact" with a non-existent "unidentified vehicle." The contractual "physical impact" requirement thus not only sweeps too broadly, but also not broadly enough, to accomplish its only justifiable and statutorily permissible purpose, the prevention of frauds.

*Id.* at 310.

As the Florida Supreme Court observed, whether or not an accident actually occurred is

a question of fact to be determined by the jury, or the judge if demand for jury trial is not made. If the injured party can sustain the burden of proof that an accident did occur, he [or she] should be entitled to recover, regardless of the actuality of physical contact. If twenty witnesses will swear they saw the accident happen, their testimony should not be deemed worthless.

*Brown, supra,* 249 So.2d at 430.

Insurance companies ought not be able to so easily avoid the obligation of the coverage offered under the mandate of I.C. § 41–2502 which the insured purchases.

Unfortunately, insurance companies after today may avoid their obligations with the good graces of the majority decision. Indeed, insurance companies may presently believe themselves in "good hands" under the auspices of the Idaho Supreme Court, a "good neighbor" if ever there was one. The die has been cast by a majority of this Court choosing to set policy, rather than ascertain legislative policy; consequently, if Idahoans are to obtain the benefit of uninsured motorist coverage where hit-and-run drivers are involved, or no-hit but run-off-the-road drivers are involved, the legislature must spell it out. Professor Widiss issued this call for legislative reform:

> The coverage for accidents involving unknown motorists has been framed in terms which allow recoveries for injuries that occur in accidents when there is some evidence of a minute contact, but no evidence from impartial witnesses, while at the same time they deny coverage when there is no contact, even though there may be many impartial witnesses. Maintaining this approach to the coverage seems likely to invite continuing disputes about the scope of protection afforded to insureds, which will in turn almost surely lead not only to appellate litigation, but ultimately to legislative consideration of this problem.
>
> Without a modification in the coverage provisions, claimants will be forced to determine, jurisdiction by jurisdiction, the enforceability of the construction placed on the physical contact requirements by companies that restrict the coverage to accidents that involve the actual, direct contact. Reform of this aspect of the coverage provisions is long overdue.
>
> *A general reconsideration of the appropriateness of the physical contact requirement now seems warranted, and there is substantial justification for eliminating the requirement.* This is not to suggest that the proverbial "flood gates" to claims should be opened. So long as the coverage is keyed to the fault of an unknown motorist, there certainly needs to be some means for assuring that insurance companies are provided adequate evidence in support of the alleged negligence of the unidentified driver. The coverage terms should provide that a claimant bears the initial burden of proof, and the insurance company should be assured the right to introduce evidence to refute the claim and to raise fraud or collusion as a defense to any claim.
>
> 1 A. Widiss, *supra,* at § 9.9, pp. 350–51 (emphasis added).

Left to look out for their own weal by their own Supreme Court, Idahoans must look to their legislature to assure the protection which I.C. § 42–2502 intended.

In sum, the Court of Appeals admirably ascertained legislative policy and intent. In the interim, since its opinion was announced, this Court announced the opinion in *Blackburn v. State Farm Insurance Co.,* 108 Idaho 85, 697 P.2d 425 (1985), wherein a majority of three declared a contrary public policy of its own. It has been suggested, and I believe accurately, that this Court's *Blackburn* opinion set the public policy for Idaho, and public policy once set is broader and more encompassing than the statutes which are our concern. As a final thought, the Director of the Department of Insurance may be elated to discover that his apparent approval of the defendant carrier's policy may be the very factor which today has thrown the scales of justice out of balance. Or, that official

may well wonder that this Court has not previously vested in that office the authority and obligation to decipher or divine legislative policy.

HUNTLEY, J., concurs.