766 P.2d 707

**Earl STAMPER and Donna Stamper, husband and wife, parents and guardians of Darla Stamper, minor, Plaintiffs–Appellants,**

**and**

**Deanna Stamper, Plaintiff,**

**v.**

**ALLSTATE INSURANCE COMPANY, a foreign corporation, Defendant–Respondent,**

**and**

**Melanie Darrington, April DeBord and John Doe, Defendants.**

**No. 16990.**

Supreme Court of Idaho.

Aug. 25, 1988.

Dissent on Denial of Rehearing Dec. 23, 1988.

Aherin, Rice & Brown, Lewiston, for plaintiffs-appellants. Darrell W. Aherin, argued.

Clements, Brown & McNichols, Lewiston, for defendant-respondent. Robert P. Brown, argued.

SHEPARD, Chief Justice.

This is an appeal from a summary judgment issued in favor of defendant-insurer in an action seeking to recover under the provisions of the uninsured motorist section of an automobile insurance policy.

---

The policy provisions providing uninsured motorist coverage require that when an *unidentified* motorist is involved, that there be physical contact by the unidentified motorist with the insured vehicle. Allstate Insurance Company's uninsured motorist coverage provides in pertinent part:

> Injury must be caused by accident and arise out of the ownership, maintenance or use of an uninsured auto.
>
> An uninsured auto is:
>
> . . . .
>
> 4. a hit and run motor vehicle which causes bodily injury to an insured person *by physical contact with the insured person or with a vehicle occupied by that person.* The identity of the operator and the owner of the vehicle must be unknown. (emphasis added).

R., pp. 38–39.

Since the facts are virtually identical, the question presented is whether *Hammon v. Farmers Insurance,* 109 Idaho 286, 707 P.2d 397 (1985), should be overruled. We decline to do so, and affirm the decision of the district court.

In the instant case appellant was a passenger in a vehicle which was allegedly forced off the road by another vehicle traveling in the wrong lane of traffic. The only alternative would have been a head-on collision. The vehicle in which appellant was a passenger was covered by a policy of insurance which provided uninsured motorist coverage issued by respondent. For the purposes of summary judgment the above facts must be viewed as correct. The vehicle and its driver have never been identified. The insurance policy issued by respondent provides that in the event of a hit-and-run accident, the identity of the operator and the owner of the hit-and-run vehicle may be unknown, but that there must be physical contact. Here, admittedly, there was no physical contact.

As above noted, the facts are virtually identical to *Hammon.* In *Hammon*:

> . . . a red pickup truck with a camper-shell traveling in the opposite direction veered across the center of the roadway and forced them [the Hammons] off the road. . . . The identity of the red pickup,

or its driver, was never discovered. . . . The insurance policy expressly limited uninsured motorist coverage to injury by vehicles known to be uninsured or by "hit-and-run vehicles" that had come into "physical contact" . . . with the insured or with an automobile which the insured was occupying at the time of the accident.

There, as here, the insurance carrier was granted summary judgment.

As noted in *Hammon,* our legislature has mandated that an insurer issuing a motor vehicle liability policy must offer uninsured motorist coverage. I.C. § 41–2502.

In *Hammon* as in the instant case, the respondent insurer issued uninsured motorist coverage, and provided in its policy definitions that such uninsured motorist coverage would be extended to "hit-and-run" circumstances, although the identity of the operator and the owner of the vehicle are unknown and hence in fact it cannot be determined whether an "uninsured motorist" was involved. Such "hit-and-run" coverage is, however, restricted by the policy terms to instances where there was physical contact between the vehicles involved.

The issue presented in the instant case is identical with the issue presented in *Hammon:* "Whether the 'physical contact' requirement in the 'hit-and-run' provision of the Hammon's automobile liability insurance policy is in derogation of the Idaho uninsured motorist statute and is therefore void as against public policy?" As further stated in *Hammon:*

> An "uninsured" vehicle is clearly not the same as an "unidentified" vehicle. The statute directs that coverage be made available for the protection of persons insured thereunder who are legally entitled to recover from owners or operators of uninsured motor vehicles. This language obviously contemplates that there is proof of the identity of the owner or operator of the vehicle; otherwise it could not be ascertained that the vehicle was uninsured. . . . Thus we conclude that hit-and-run coverage is neither man-

dated nor prohibited under the Idaho uninsured motorist statute.

Nevertheless, in both *Hammon* and in the instant case the insurer has extended its uninsured motorist coverage beyond that required by the statute, and has made it applicable in hit-and-run circumstances. However, that coverage beyond the statutory mandate is by the terms of the policy restricted to circumstances where there has been an actual physical contact.

The Court in *Hammon*, when considering the hit-and-run provisions in an automobile liability insurance policy, amply discussed the public policy question involved. Here it is sufficient to note only that as of the time of *Hammon*, 11 jurisdictions have upheld a physical contact requirement in hit-and-run circumstances. Further, the Court in *Hammon* noted that the insurance policy forms at issue there, and here, have been approved by the Idaho Director of Insurance, I.C. § 41–2502, and the Director's construction and approval of such policies are entitled to substantial weight. In summary, we decline to overrule *Hammon;* *Hammon* is dispositive of the case at bar, and the summary judgment in favor of the respondent is affirmed.

■ Respondent was awarded attorney fees at the trial court, and has sought attorney fees on this appeal. "Attorney fees will be awarded only when this Court is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation." *NBC Leasing Company & Lease Northwest, Inc. v. R & T Farms, Inc.,* 114 Idaho 141, 754 P.2d 454 (Ct.App.1988); *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). Given the previous decision of the Court of Appeals in *Hammon*, together with this Court's closely divided decision in *Hammon*, we cannot view that the action of this appeal was brought frivolously, unreasonably, or without foundation. We reverse the district court's award of attorney fees. No attorney fees on appeal. Reversed; costs to respondent.

BAKES and JOHNSON, JJ., concur.

BISTLINE, Justice, dissenting.

The doctrine of *stare decisis* is an important one in the field of jurisprudence: it provides our society with a certain degree of stability. For example, it enables citizens to ascertain what conduct is—and is not—permissible. As a result, no competent jurist takes lightly the task of overruling settled precedent. Nevertheless, experience often correctly teaches that prior decisions were wrongly decided in the first place. *See, e.g., Brown v. Board of Education,* 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954) (overruling "separate but equal" doctrine enunciated in *Plessy v. Ferguson,* 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256 (1896)). Otherwise put, *stare decisis* should not command a blind allegiance to obvious error.

In the present case, the majority blindly applies as "settled" precedent, *Hammon v. Farmers Insurance,* 109 Idaho 286, 707 P.2d 397 (1985), to affirm summary judgment in favor of the insurance company. *Hammon,* a three-year-old youngster was wrongly decided, and there is little in it which is commanding of any reverence. As Professor Alan Widiss states in his treatise:

[I]n many states the uninsured motorist statutes do not specifically require—or even mention—coverage for hit-and-run accidents. In these states, insurance companies have often argued that when an insurance policy provides coverage for hit-and-run accidents, the coverage is broader than that required by the statutes and that, therefore, insurance companies should be free to define the coverage term for the hit-and-run insurance. Several courts have accepted this theory. However, during the past five years, courts in an *increasing number of states* have concluded (1) that even though there is no specific reference to accidents caused by unknown motorists in the uninsured motorist statute, the statutory mandate contemplates coverage for such accidents, and (2) that provisions in insurance policies restricting coverage to accidents that are caused by unknown motorists to only those instances when a

"physical contact" occurred, are in derogation of the purposes of the statute. 1 A. Widiss, Uninsured and Underinsured Motorist Insurance § 9.8, p. 348 (1985) (emphasis added) (footnotes omitted) (quoted in *Hammon*, 109 Idaho at 290, 707 P.2d at 711 (Bistline, J., dissenting)).

The majority holding continues to vitiate the legislative purpose in enacting Idaho's uninsured motorist statute, I.C. § 41–2502. A growing number of enlightened courts, as Professor Widiss notes, have held that the purposes of the statute are undermined when a "physical contact" is required. Otherwise, "the victims of hit-and-run drivers who were skillful and careful enough to avoid contact, but unfortunate enough to have a physical contact clause in their policies, ironically would be left without coverage." *Hammon*, at 291, 707 P.2d at 712. (Bistline, J., dissenting).

In sum, *stare decisis* has been abused. The ghost of *Hammon* continues to haunt the victims of hit and run drivers. "Indeed, insurance companies may presently believe themselves in 'good hands' under the auspices of the Idaho Supreme Court, a 'good neighbor' if ever there was one." 109 Idaho at 292, 707 P.2d at 713 (Bistline, J., dissenting).

HUNTLEY, J., concurs.

## DISSENTING ON DENIAL OF PETITION FOR REHEARING

BISTLINE, Justice, dissenting on denial of petition for rehearing.

Out of fairness to the litigants, and to further the quality of justice, appellate courts as a matter of course address the arguments raised by the parties. It would not be an overstatement to say that it is indeed an obligation of an appellate court.

The Court's opinion in this case, however, has masqueraded the basic issue.

The opinion for the Court states that the sole question is whether *Hammon v. Farmers Insurance*, 109 Idaho 286, 707 P.2d 397 (1985), should be overruled. Not necessarily so. Here, unlike *Hammon*, plaintiff did allege facts establishing independent corroboration of the existence of a phantom vehicle, namely, a disinterested eyewitness who saw the accident from his home on Powers Avenue in Lewiston. Plaintiffs asked not what can this Court do for plaintiff, but what can the Court do for the administration of justice. The plaintiffs' request is not for the overruling of *Hammon*. The issue squarely presented is whether independent corroboration is sufficient to obviate the need for proof of a "physical contact" requirement. The hypothesis is simple; such independent proof if accepted by the jury or other trier of the fact, does away with the worry over fraudulent claims, which has been said to be the very reason for the physical contact rule. This question goes unanswered by the majority, notwithstanding the fact that plaintiffs clearly raised the issue in their initial brief.[1]

In sum, while continuing to adhere to the view that *Hammon* was incorrectly decided, my vote is to grant rehearing after which we can collegially determine whether independent corroboration vitiates the physical contact rule, and if not, produce a rule of logic which will serve as guidance to the insurance-purchasing public and those in the insurance-writing industry.

---

1. Appellants' Brief, at 9, provides:

    It is clear that the underlying purpose of the physical contact rule is to hedge against the fraudulent claims. In situations where a person has negligently driven off the road and tries to claim that he was forced off by another vehicle in an attempt to collect insurance, there is justification for the physical contact requirement. However, where a plaintiff can prove independently that a phantom vehicle did exist and that his injuries are the result of the negligence of the phantom driver, then the *physical contact rule serves no purpose.* In the situation where the plaintiff is not attempting to defraud the insurer and can prove another vehicle caused the accident, then the physical contact rule only penalizes an innocent party.