**Conrad R. TURCOTTE**

v.

**FOREMOST INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Argued May 3, 1983.

Decided June 7, 1983.

Rocheleau, Fournier & Lebel, P.A., Ronald P. Lebel (orally), Lewiston, for plaintiff.

Berman, Simmons, Laskoff & Goldberg, Gary Goldberg, Jeffrey Rosenblatt (orally), Lewiston, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER, and WATHEN, JJ.

McKUSICK, Chief Justice.

On May 19, 1978, plaintiff Conrad Turcotte was a guest passenger on a motorcycle owned and operated by Gary McKay. On that date, the motorcycle collided with an automobile, resulting in injuries to Turcotte and death to McKay. Alleging negligent operation of the motorcycle by McKay, Turcotte sued McKay's estate and succeeded in obtaining a judgment of $113,358.41. At the time of the accident, McKay's motorcycle had been insured under an automobile liability policy issued by Foremost Insurance Company (Foremost). Turcotte brought the present action against Foremost to recover, under either the basic liability or the uninsured motorist coverage of that policy, his outstanding judgment against McKay's estate. The Superior Court (Androscoggin County) ordered summary judgment for defendant Foremost, holding that neither coverage was available to Turcotte. We now deny Turcotte's appeal from that summary judgment.

█ The policy issued to McKay by Foremost provided that the insurance did not apply to injuries to guest passengers "unless Guest Passenger Liability coverage is afforded by the policy." Turcotte concedes that no premium was paid for guest passenger coverage. On the face of McKay's policy, there appeared boxes with entries for amounts of various types of coverage, with amount of premium paid for the coverage, but the "Guest Passenger Liability" box was blank. The absence of any entry in the space on the face of the policy marked "Guest Passenger Liability" demonstrates not only that no premium charge was made for such coverage, but that in fact no such coverage was provided in the policy. That being the case, Turcotte, as a guest passenger, cannot recover under the basic liability coverage of the policy.

█ Turcotte also cannot recover under the uninsured motorist coverage of the policy issued to McKay by Foremost. That policy provided coverage for injuries to an "insured" resulting from the actions of the owner or operator of an "uninsured highway vehicle."[1] Thus, Turcotte can avail himself of the uninsured motorist coverage only if under the terms of the policy he was an "insured" and McKay's motorcycle was an "uninsured highway vehicle." The term "insured" as defined in the policy included "any ... person occupying an insured highway vehicle." The McKay motorcycle was an "insured highway vehicle," according to the policy definition of that term, because it was "described in the schedule [on the face of the policy] as an insured highway vehicle to which the bodily injury liability coverage of the policy applies." Thus, Turcotte was an "insured" within the terms of the policy. However, the motorcycle was itself not an "uninsured highway vehicle." A controlling provision in the policy states that "the term 'uninsured highway vehicle' shall not include (i) an insured highway vehicle."[2]

1. The uninsured motorist clause of McKay's policy read:

The Company will pay all sums which the **insured** or his legal representative shall be legally entitled to recover as damages from the owner or operator of an **uninsured highway vehicle** because of **bodily injury** sustained by the **insured**, caused by accident and arising out of ownership, maintenance or use of such **insured highway vehicle**; ....
(Boldface in original)

2. Absent the controlling provision that the motorcycle could not itself be both an insured and an uninsured vehicle, the motorcycle would in terms have fallen within the policy definition of "uninsured highway vehicle" as

a **highway vehicle** ... with respect to which there is a **bodily injury** liability ... insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder ....
(Boldface in original)

Thus, the motorcycle, being an "insured highway vehicle," the occupation of which rendered the passenger Turcotte an "insured," is expressly excluded from being an "uninsured highway vehicle," and Turcotte cannot recover under the policy's uninsured motorist coverage.

The entry is:

Judgment affirmed.

All concurring.