679 P.2d 152

**William P. NOYES, personal representative of the Estate of Albert E. Noyes, deceased, Plaintiff-Appellant,**

v.

**Velma I. NOYES, an unmarried woman, Defendant-Respondent.**

No. 14508.

Court of Appeals of Idaho.

March 30, 1984.

Mark L. Clark of Kibler, Hamilton & Clark, Nampa, for plaintiff-appellant.

Henry F. McQuade and R.H. Young of Adamson, Young & McQuade, Nampa, for defendant-respondent.

WALTERS, Chief Judge.

This is an appeal from an award of the proceeds of a group life insurance policy to the respondent, Velma Noyes, in a declaratory judgment action. We affirm.

The following facts are not in dispute. The appellant, William Noyes, is the duly appointed personal representative of the estate of Albert E. Noyes, deceased. He is also the sole heir and legatee of the decedent. From 1968 until his death in 1981, Albert Noyes was employed by DuBois Chemicals, a division of Chemed Corporation, Inc. The employer (hereinafter DuBois) provided a number of benefit pro-

grams for its employees, one of which was a group life insurance policy. It was a term policy, with no cash surrender value, funded entirely by DuBois and its benefits were payable only if the insured employee died while still in the employment of DuBois.

Albert and Velma Noyes were divorced in 1979. The divorce decree set over to Albert, as his sole and separate property, the "Retirement plan with DuBois Chemical." The decree made no mention, or award to either Albert or Velma, of the group life insurance policy. Nor did the decree contain a provision otherwise awarding to either of them any unspecified or residual property belonging to the parties.

A few months before the divorce decree was entered, Albert made a beneficiary change in his "Employees' Pension Plan" with DuBois. He designated his son William, the appellant herein, as the sole beneficiary of that plan. Earlier, in 1968, Albert had designated his wife Velma as the beneficiary of the group life insurance policy. Thereafter, no specific change of beneficiary of the insurance policy was ever recorded or filed by Albert with his employer.

After Albert's death Velma claimed the insurance proceeds. William also claimed the proceeds for himself or the estate, contending that the divorce and a change of beneficiary in the "Employees' Pension Plan" had terminated Velma's status as a beneficiary of the life insurance policy. Because both William and Velma claimed the insurance benefits, the insurer would not release the proceeds to either party. To resolve the dispute, William filed a complaint for declaratory judgment to determine the rights of the parties in the group life insurance benefits.

Neither party requested a jury. Instead they concurred in setting the case for trial before the court. Following a pre-trial conference, an order was entered reciting that the parties agreed "the only factual issue remaining is whether the proceeds of the life insurance policy involved in the action are part of the 'Retirement plan with DuBois Chemical' awarded to the deceased, Albert E. Noyes, under the judgment of divorce entered into in the action between him and the defendant Velma I. Noyes." It was further agreed the parties would attempt to resolve the issue in the case by a summary judgment proceeding. Subsequently, Velma moved for summary judgment. The district court concluded that Velma was entitled to the insurance proceeds and granted judgment to her. William appeals. Both parties seek an award of attorney fees on appeal.

William attacks the judgment of the district court on three grounds. First, he contends the court erred in determining that the group life insurance policy was not a part of Albert's "Retirement Plan." Second, he urges that the award to Albert of the "Retirement plan with DuBois Chemical," as separate property in the divorce decree, also implicitly included the group life insurance policy. Third, William asserts that, because the group life insurance policy was the community property of Albert and Velma and if it was not disposed of by the divorce decree, then it became an asset held as tenancy in common, one-half of which would belong to Albert's estate.

I

William's arguments concerning the interrelationship between the group life insurance policy and the other employee benefits raise mixed issues of law and fact. The threshold factual issue is whether the insurance policy was part of what William characterizes as Albert's "Retirement Plan." Upon this determination two subsidiary questions depend—whether the change of beneficiary of the "Employees' Pension Plan" served also as a change of the beneficiary of the life insurance program and whether the disposition of the "Retirement plan with DuBois Chemical," in the divorce decree, effected a change in the expectancy interest of Velma, as beneficiary, in the life insurance policy.

We address first the factual determination made by the court below that the

group life insurance policy was not a part of any pension or retirement plan. That determination was made by drawing an inference from the undisputed facts presented at the summary judgment proceeding. Ordinarily, on summary judgment, the non-moving party is entitled to the benefit of all favorable inferences to be drawn from the evidence. *Reis v. Cox,* 104 Idaho 434, 660 P.2d 46 (1982). Where, however, the evidentiary facts are not disputed, and those evidentiary facts could yield conflicting inferences as to the ultimate factual issue of the case (e.g., whether the insurance policy was part of a "retirement plan") and where the trial court rather than a jury will be the trier of fact, summary judgment is appropriate—despite the possibility of conflicting inferences—because the court alone is responsible for resolving the conflict between those inferences. *Riverside Development Co. v. Ritchie,* 103 Idaho 515, 650 P.2d 657 (1982).

Once the parties agreed there were no genuine issues of material fact, the ultimate question—whether the insurance policy was part of a retirement plan—was properly the subject of summary judgment. Consequently, our review of this issue extends only to determining whether the record is sufficient to justify the district court's finding that the insurance policy was not part of any retirement plan.

In the summary judgment proceeding, the parties submitted documentary evidence obtained from DuBois concerning its employment benefit programs provided to Albert Noyes. This information explains that DuBois provides eight different plans and programs for its employees. As disclosed by the DuBois' benefits brochure, more than one type of retirement plan was provided by the employer, as well as a number of insurance and investment programs. The programs described in the brochure are: Chemed/DuBois Savings and Investment Plan; Hospitalization and Medical Services Insurance; Disability Insurance; Business Travel Insurance; Group Accident Insurance; Chemed Corporation

Employee Stock Purchase Plan; Sales Employees Pension Plan; and the Group Life Insurance Policy. There is no indication that any of these programs cannot, or does not, operate or exist independently of any other. In fact it is clear that the group life insurance coverage ceases upon termination of employment with DuBois, but that the employee retains his accrued retirement and pension benefits (such as the savings and investment plan, the employee stock purchase plan, and the sales employees' pension plan) after his employment ends.

We believe it reasonably can be inferred from this evidence that the group life insurance policy provided for Albert Noyes was not a part of any plan he would enjoy upon retirement. We hold the record sufficiently justifies the district court's finding to the same effect.

It logically follows that the change of beneficiary on the "Employees' Pension Plan" did not constitute a change of beneficiary of the life insurance policy. William points to the change of beneficiary form executed by Albert when changing the beneficiary of his pension plan to his son. That form is entitled "Chemed Corporation Retirement Plans Enrollment Form." Because the form is identified in the plural and because the "Beneficiary Data" called for on the form does not specifically indicate to which plan the beneficiary information applies, William contends that the form operates to change the beneficiary on all employee benefit programs, including the group life insurance policy. However, the plural term "plans" is more simply and persuasively explained by the fact that DuBois maintained more than one plan providing retirement income.

We find no provision in the Idaho insurance code regulating the method whereby beneficiaries may be changed in group life insurance policies such as the one before us. In the absence of statutory regulation, the method of changing benefi-

ciaries may be prescribed by the insurance policy, charter or bylaws of the insurance company. *See generally*, 44 Am.Jur.2d *Insurance* § 1753 (1982). Where the policy, as a matter of contract, specifies the method of changing beneficiaries, ordinarily a change of beneficiary can be accomplished only in the manner pointed out in the policy, with the result that an attempt to make such change in any other manner is ineffectual. *See cases cited, Id.* n. 38.

■ In respect to change of beneficiaries, the policy in question provided as follows:

> The Beneficiary is the person or persons designated by the Employee on a form approved by the Insurance Company and *filed with the records maintained by the Employer in connection with the insurance under the Group Policy.* The Employee may change his Beneficiary at any time by filing written notice thereof on such form with the Employer. [Emphasis added.]

We have already upheld the district court's factual determination that the life insurance policy was not a part of the employees' retirement or pension plan. Thus, a change of beneficiary of any of the retirement plans could not constitute also a change of the insurance beneficiary. *See Moss v. Warren*, 43 Cal.App.3d 651, 117 Cal.Rptr. 796 (1975). There was no evidence submitted below that Albert Noyes had attempted otherwise to comply with the contractual method of changing the beneficiary of the insurance policy. We conclude the district court was correct in determining that Velma Noyes remained the designated beneficiary of the policy.

■ William also argues that the reference to the "Retirement plan with DuBois Chemical" in the divorce decree implicitly included also the group life insurance policy. However, as noted, the district court found that the insurance policy was not in fact a part of any retirement plan. Thus, the case of *Beneficial Life Ins. Co. v.*

*Stoddard*, 95 Idaho 628, 516 P.2d 187 (1973)—cited by William for its holding that a marital property settlement agreement, dealing specifically with a life insurance policy, changes a prior beneficiary designation—is inapposite here. We conclude therefore, as a matter of law, the divorce decree did not award to Albert the insurance policy as a part of the award of the "Retirement plan with DuBois Chemical."

## II

Finally, William contends that, even if the beneficiary designation was not changed by the divorce decree, at least one-half of the insurance proceeds should belong to Albert's estate. This contention rests upon the hypothesis that community property not disposed of by a divorce decree becomes property held by the former spouses as tenants in common. That hypothesis is inapplicable for two reasons.

■ First, absent a community interest, an asset which is not disposed of in a divorce does not become tenancy-in-common property. Here the policy was not an asset which could have been disposed of in the divorce because it was a term policy with no benefits other than death benefits; it had no value except in the event of the death of the insured. Albert died after the divorce. There is no showing here that the death occurred during a policy period covered by any prepayment of premiums from community funds. Consequently, the community had no continuing interest in the policy. This case is distinguishable from those in which a community interest is deemed to exist. *E.g., Travelers Ins. Co. v. Johnson*, 97 Idaho 336, 544 P.2d 294 (1975); *Beneficial Life Ins. Co. v. Stoddard, supra.*

Second, regardless of how Albert's rights in the policy may be defined, he exercised those rights by directing payment to Velma as the beneficiary. Whatever interest he had in the policy—half or whole—was directed to her benefit. We conclude that

the tenancy-in-common hypothesis is misplaced in this appeal.

### III

Both parties seek an award of attorney fees on appeal. We are not left with an abiding belief that this appeal was brought, pursued or defended frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). We decline to award attorney fees on appeal to either party.

The judgment entered by the district court is affirmed. Costs to respondent, Velma Noyes.

BURNETT and SWANSTROM, JJ., concur.