484 A.2d 192

Georgia PARSONS, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INS. CO.

Superior Court of Pennsylvania.

Argued June 7, 1984.

Filed Nov. 16, 1984.

Marshall E. Kresman, Philadelphia, for appellant.

Frederick E. Smith, Jr., Philadelphia, for appellee.

Before McEWEN, TAMILIA and CERCONE, JJ.

CERCONE, Judge:

This appeal arises from an order denying plaintiff-appellant's petition for the appointment of arbitrators to decide an uninsured motorist claim. We affirm.

The facts in this case are undisputed. On January 6, 1979, appellant was a passenger in a vehicle owned and operated by George Peterson, who was insured by State Farm Mutual Insurance Company (State Farm). That automobile was involved in an accident with another vehicle operated by Richard Spencer, who was insured by Safeguard Mutual Insurance Company (Safeguard). Safeguard was subsequently declared insolvent and dissolved. Richard Spencer, however, was driving a vehicle owned by his mother, Lue Eva Spencer, with her permission. That vehicle was insured by State Farm.

After the accident, appellant submitted a liability claim against State Farm under the Spencer policy. Because appellant declined to sign a release unless it preserved an uninsured motorist claim, State Farm paid the $15,000.00 limits of the Spencer policy into the lower court. Appellant then presented a claim for uninsured motorist coverage to State Farm under the Peterson policy. When State Farm refused to pay any uninsured benefits appellant filed a petition to appoint arbitrators. The court below denied the petition and this appeal followed.

■ Appellant's contention that she is entitled to uninsured motorist benefits under Peterson's policy with State Farm is based on the following definition of an uninsured motor vehicle in the State Farm policy:

a land motor vehicle with respect to the ownership, maintenance or use of which there is in at least the amounts specified by the financial responsibility law of the state in which the described motor vehicle is principally garaged, no bodily injury liability bond or insurance policy applicable of the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, *or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies that there is any coverage thereunder or is or becomes insolvent* ... (emphasis added).

Appellant argues that since Richard Spencer was insured by Safeguard, which became insolvent subsequent to the accident, she can claim under the above uninsured motorist provision. The difficulty with this argument is that it ignores the fact that the policy further states that "the term uninsured motor vehicle shall not include: (1) a vehicle defined herein as an insured motor vehicle ..." An insured motor vehicle is in turn defined as:

an owned motor vehicle provided the use thereof is by such first named insured or resident spouse or any other person to whom such first named insured *or resident spouse has given permission to use such vehicle if they are within the scope of such permission* ... (emphasis added).

Since it is uncontroverted that Richard Spencer was operating his mother's insured vehicle within the scope of his permission from her, it follows that no uninsured vehicle was involved in the accident notwithstanding the subsequent insolvency of his own carrier. In short, under the terms of the uninsured motorist policy at issue, the offending vehicle was not uninsured and, therefore, appellant may not recover under that policy. See generally, Widiss, *A*

*Guide to Uninsured Motorist Coverage* § 2.31 (1981 Supp.).

■ In addition, the statute requiring uninsured motorist coverage, Act of August 14, 1963, P.L. 909, as amended, 40 P.S. § 2000(a), provides, in pertinent part, that its coverage is "for the protection of persons ... who are legally entitled to recover damages *from owners or operators of uninsured motor vehicles* because of bodily injury, sickness or disease, including death resulting therefrom[.]" (Emphasis added). We construe this language to mean that if either the owner or operator of the offending vehicle has insurance * applicable to the accident, then the vehicle may not be deemed uninsured.

In sum, neither the uninsured motorist policy at issue nor the statute mandating uninsured motorist coverage supports appellant's position.

Order affirmed.

* We refer of course to insurance which satisfies the statutory minimum amount.