CYNTHIA HILYARD, individually and as next friend and parent of MICHAEL HILYARD, JEFF HILYARD, and HARRY HILYARD, all minors, *Appellee,* v. THE ESTATE OF DOROTHY CLEARWATER, deceased, *Defendant,* and THE STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Appellant.*

and

No. 59,113

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Appellee,* v. ELIZABETH ROCKWELL, *Appellant.*

(729 P.2d 1195)

Opinion filed December 5, 1986.

*Kevin L. Diehl,* of Ralston & Starrett, of Topeka, argued the cause and *Eugene B. Ralston,* of the same firm, was with him on the brief for appellant State Farm.

*Steven A. Ediger,* of Juhnke, Howell & Ediger, of Hutchinson, was on the brief for appellant Rockwell.

*Jerry R. Palmer,* of Palmer, Marquardt & Snyder, P.A., of Topeka, argued the cause and was on the brief for appellees Hilyard.

*Michael R. O'Neal,* of Reynolds, Peirce, Forker, Suter & O'Neal, of Hutchinson, argued the cause and *Stephen M. Kerwick,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, was with him on the brief for appellee State Farm.

The opinion of the court was delivered by

HERD, J.: These are consolidated cases. The issue in each case is the validity of a household exclusion clause in an automobile insurance policy. In case No. 58,919, the Shawnee County District Court denied State Farm Mutual Automobile Insurance Company's (State Farm) motion for summary judgment and State Farm appeals. In case No. 59,113, the Reno County district court granted a declaratory judgment to State Farm and the Rockwell appeals.

The facts in each case follow:

### Case No. 58,919

On January 22, 1983, the plaintiffs/appellees, Michael, Jeffrey, and Harry Hilyard, were passengers in an automobile driven by their mother, Cynthia Hilyard. The Hilyard automobile was involved in an accident with a vehicle driven by defendant, Dorothy Clearwater. At the time of the accident, Cynthia Hilyard was the named insured of an insurance policy with State Farm. The policy contained a household exclusion clause.

After the accident, Cynthia Hilyard brought an action in Shawnee County individually and on behalf of her minor children against the estate of Dorothy Clearwater, alleging negligence on behalf of Dorothy Clearwater. She also brought an action on behalf of her children against State Farm alleging minimal negligence on behalf of Cynthia Hilyard. Plaintiffs argued that because of the household exclusion clause, K.S.A. 40-284 mandated uninsured motorist coverage in this case. State Farm's motion for summary judgment was denied.

### Case No. 59,113

On October 24, 1983, the defendant/appellant, Elizabeth Rockwell, (then a two-year-old child) was a passenger in a pickup truck driven by her mother, Donnita Rockwell. Elizabeth Rockwell suffered severe injuries when the vehicle driven by her mother collided with a second vehicle. At the time of the accident, Donnita and Kent Rockwell were the named insureds on an automobile insurance policy with State Farm. This policy, like the Hilyard policy, contained a clause excluding liability for bodily injury to any family member of the insured residing in the same household as the insured.

Elizabeth Rockwell brought suit in Reno County against her mother seeking to recover for personal injuries caused by her mother's negligence. State Farm then instituted this declaratory

judgment action to ascertain its rights under the policy. The district court ruled that Elizabeth Rockwell was properly denied liability coverage under the household exclusion clause and further held the appellant was not entitled to uninsured motorist coverage under K.S.A. 40-284.

The household exclusion clause which is the subject of these consolidated cases is worded identically in both the Hilyard and Rockwell policies. It provides:

"THERE IS NO COVERAGE:

. . . .

"2. FOR ANY *BODILY INJURY* TO ANY MEMBER OF THE FAMILY OF THE *INSURED* RESIDING IN THE SAME HOUSEHOLD AS THE *INSURED*. The term 'insured' as used here means the *person* against whom claim is made or suit is brought."

The parties concede that this provision, if valid, excluded the Hilyard children and Elizabeth Rockwell from liability coverage. It is also conceded that household exclusion clauses such as the one contained in the State Farm policies were specifically authorized by K.S.A. 40-3107(i)(1) at the time of the accidents in these cases.

Before discussing the issues raised on appeal, let us consider the background and history of K.S.A. 40-3107(i)(1).

In 1980, this court concluded that an unemancipated minor child may recover damages in a personal injury action against a parent for the negligent operation of a motor vehicle. *Nocktonick v. Nocktonick*, 227 Kan. 758, 767, 611 P.2d 135 (1980). This decision aligned Kansas with numerous other states which have abolished parental immunity in all cases or in automobile accident cases.

The following year, in *Dewitt v. Young*, 229 Kan. 474, 625 P.2d 478 (1981), we held a household exclusion clause void and unenforceable in violation of the requirements of the Kansas Automobile Injury Reparations Act (KAIRA). Specifically, we noted that the KAIRA mandates motor vehicle liability coverage unless a vehicle is statutorily exempt or included within an approved self-insurance plan (K.S.A. 1980 Supp. 40-3104). KAIRA at that time had no provision for household exclusions.

Shortly after the *Dewitt* decision, the legislature amended the KAIRA to authorize household exclusion clauses. See L. 1981, ch. 191, § 2(i)(1) (codified at K.S.A. 40-3107[i][1]). This legislation became effective on January 1, 1982, and provided as follows:

"(i) in addition to the provisions of subsection (h) and notwithstanding any other provision contained in subsections (a), (b), (c) and (d) of this section, any insurer may exclude coverage for:

"(1) Any bodily injury to any insured or any family member of an insured residing in the insured's household."

This statute was in effect throughout 1983 when the accidents in these consolidated cases occurred.

In 1984, the statute authorizing household exclusions was repealed effective July 1, 1984. See L. 1984, ch. 167, § 2 and ch. 175, § 1.

Appellant, Elizabeth Rockwell, contends the 1984 amendment repealing authorization for the household exclusion clause was remedial in nature and therefore should be applied retroactively. This would render the household exclusion clause in State Farm's policies invalid.

We have consistently held that a statute operates prospectively unless its language clearly indicates legislative intent that it operate retrospectively. *Tew v. Topeka Police & Fire Civ. Serv. Comm'n,* 237 Kan. 96, 103, 697 P.2d 1279 (1985); *State, ex rel. Stephan v. Board of Lyon County Comm'rs,* 234 Kan. 732, 740, 676 P.2d 134 (1984). However, the general rule is modified where the statutory change is merely procedural or remedial in nature and does not prejudicially affect the substantive rights of the parties. *Lakeview Village, Inc., v. Board of Johnson County Comm'rs,* 232 Kan. 711, Syl. ¶ 8, 659 P.2d 187 (1983); *Davis v. Hughes,* 229 Kan. 91, 101, 622 P.2d 641 (1981). Further, K.S.A. 1985 Supp. 77-201 *First* prohibits the repeal of a statute from affecting any right which accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the statute repealed. *American State Bank v. White,* 217 Kan. 78, 86, 535 P.2d 424 (1975).

The 1984 repeal of authorization for the household exclusion clause contained no evidence of legislative intent for retroactive application. Therefore, unless the statute was remedial in nature, the repeal of K.S.A. 40-3107(i)(1) has no retroactive application.

Appellant argues the statute is remedial in nature because "the KAIRA, like all financial responsibility or compulsory insurance acts is remedial legislation." In *Davis v. Hughes,* 229 Kan. 91, Syl. ¶ 8, we held otherwise and recognized the substantive nature of provisions within the KAIRA.

In *Davis,* we held that a setoff provision (K.S.A. 1976 Supp. 40-3113[e]) authorizing the deduction of PIP benefits from uninsured motorist benefits was substantive in nature. Accordingly, the court determined that a later provision (K.S.A. 1979 Supp. 40-3113a) repealing the setoff provision operated prospectively since there was no language in the statute indicating the legislature intended the repeal to operate retroactively. 229 Kan at 102-03.

A similar analysis is applicable here. The statute authorizing household exclusion clauses affected the substantive rights of the parties covered by the insurance policies. Accordingly, the repeal of this statute also affected substantive rights and thus applies prospectively in the absence of contrary legislative intent. We hold the household exclusion clauses in the insurance policies at issue here were valid.

Having determined the household exclusion clauses were valid at the time the accidents giving rise to this litigation occurred, we must now consider whether K.S.A. 40-284 mandates uninsured motorist coverage in these cases. It is argued that even though the vehicles involved in the present cases were insured, they were uninsured as to the children because of the household exclusion clauses.

The State Farm policies held by the Hilyards and the Rockwells contain the following definition of an uninsured motor vehicle:

"*Uninsured Motor Vehicle* — means:
"1. an 'uninsured' land motor vehicle, the ownership, maintenance or use of which is:
 "a.  not insured or bonded for bodily injury liability at the time of the accident; or
 "b.  insured or bonded for bodily injury liability at the time of the accident; but the insuring company denies coverage or is or becomes insolvent . . . .

. . . .
"An *uninsured motor vehicle* does not include a land motor vehicle:
 "1.  insured under the liability coverage of this policy;
 "2.  designed for use mainly off public roads except while on public roads; or
 "3.  while located for use as premises.
"**Who Is an Insured**
"*Insured* — Means the *person* or *persons* covered by uninsured motor vehicle coverage.
"This is:
 "1.  *you;*

"2.   the *spouse* of the first *person* named in the declarations;
"3.   any *relative* of the first *person* named in the declarations . . . .
. . . .

**"When Coverage U Does Not Apply**
"THERE IS NO COVERAGE:
. . . .

"2.   FOR *BODILY INJURY* SUSTAINED BY AN *INSURED* WHILE *OCCU-PYING* A MOTOR VEHICLE:
  "a.   OWNED BY *YOU*, OR
  "b.   FURNISHED FOR *YOUR* REGULAR USE AND WHICH IS NOT INSURED."

Under the policy provisions, the children of the insureds were excluded from uninsured motor vehicle coverage because their injuries were not caused by an accident arising out of the operation of an uninsured motor vehicle, which by definition did not include a motor vehicle insured under the liability coverage of the policy. Further, a specific exclusion exists when bodily injuries are sustained by an insured (previously defined to include any relative of the named insured) while occupying a motor vehicle owned by the named insured. Here, the children were insureds occupying the motor vehicle owned by the named insured when they received bodily injuries.

However, even if the children are excluded from coverage under the specific language of the uninsured motorist provisions of the policies, the question remains whether the State Farm policy is consistent with the uninsured motorist protection provided by K.S.A. 40-284. That statute provides in pertinent part:

"(a) No automobile liability insurance policy covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless the policy contains or has endorsed thereon, a provision with coverage limits equal to the limits of liability coverage for bodily injury or death in such automobile liability insurance policy sold to the named insured for payment of part or all sums which the insured or the insured's legal representative shall be legally entitled to recover as damages from the uninsured owner or operator of a motor vehicle because of bodily injury, sickness or disease, including death, resulting therefrom, sustained by the insured, caused by accident and arising out of ownership, maintenance or use of such motor vehicle, or providing for such payment irrespective of legal liability of the insured or any other person or organization."

In *Forrester v. State Farm Mutual Automobile Ins. Co.*, 213 Kan. 442, 444-45, 517 P.2d 173 (1973), the court explained the purpose of K.S.A. 40-284 as follows:

> " 'The purpose of legislation mandating the offer of uninsured motorist coverage is to fill the gap inherent in motor vehicle financial responsibility and compulsory insurance legislation and this coverage is intended to provide recompense to innocent persons who are damaged through the wrongful conduct of motorists who, because they are uninsured and not financially responsible, cannot be made to respond in damages.
>
> " 'As remedial legislation statutes mandating the offer of uninsured motorist coverage should be liberally construed to provide the intended protection.' "

State Farm argues the purpose behind K.S.A. 40-284 was to protect insureds from injuries caused by another and separate vehicle owned or operated by a person who did not have liability insurance coverage on his automobile. State Farm further contends that if the legislature intended the term "uninsured motorist" to include an insured motorist who is rendered uninsured because of certain policy exclusions, it could have specifically so stated. Finally, State Farm suggests that a finding of coverage under the uninsured motorist statute would render the household exclusion clause found in K.S.A. 40-3107(i)(1) a nullity because any family member who is properly excluded from coverage under the household exclusion clause would simply need to assert coverage under K.S.A. 40-284.

In support of its argument, State Farm relies upon two cases with similar factual circumstances: *Reid v. Allstate Ins. Co.*, 344 So. 2d 877 (Fla. Dist. App. 1977), and *O'Hare v. State Farm Mut. Auto. Ins. Co.*, 432 So. 2d 1294 (Ala. App. 1982). In *Reid*, the Florida court held that an insured family car does not become an uninsured motor vehicle simply because liability coverage is not available to a particular individual. The court reasoned that to hold otherwise would completely nullify the family household exclusion. Similarly, in *O'Hare*, the Alabama court ruled that the scope of uninsured motorist coverage should be coextensive with liability coverage and that the exclusion of an insured motor vehicle from the definition of an uninsured motor vehicle was consistent with the household exclusion. 432 So. 2d at 1297-98.

The insureds argue that our decision in *Patrons Mutual Ins. Ass'n v. Norwood*, 231 Kan. 709, 647 P.2d 1335 (1982), is dispositive of the issue now before us. In *Patrons*, the issue before this court was whether the Kansas doctrine of interspousal immunity precludes recovery of damages by a husband for personal injuries suffered in an automobile accident caused by his wife's negligence where such recovery is sought under the uninsured

motorist provisions of K.S.A. 40-284. We concluded that because of interspousal immunity, the husband could not recover from his wife regardless of whether she carried liability insurance; thus, the uninsured motorist provision of her insurance policy did not apply. 231 Kan. at 716-17.

*Patrons* did not require interpretation of K.S.A. 40-284; thus, it is inapplicable to the cases at bar.

After a careful examination of K.S.A. 40-284, the uninsured motorist law, and K.S.A. 40-3107(i)(1), the authorization for the household exclusion clause, we conclude that neither Elizabeth Rockwell nor the Hilyard children are covered by the uninsured motorist provisions of the State Farm policies. K.S.A. 40-284 requires uninsured motorist liability coverage for the insured for injuries resulting from an accident arising out of the ownership, maintenance, or use of a motor vehicle by an "uninsured owner or operator." The statute does not contemplate a situation where the "uninsured owner or operator" is the owner of an automobile liability insurance policy.

Further, we note that if we were to hold the uninsured motorist statute mandates coverage in this instance, we would effectively nullify the household exclusion clause. It is unfortunate that the accidents giving rise to the cases before us occurred during the relatively brief period of time during which household exclusion clauses were legislatively authorized by K.S.A. 40-3107(i)(1). However, mandatory automobile liability insurance is a creature of statute and the legislation authorizing household exclusion clauses is clear and unambiguous. Accordingly, it is not subject to judicial construction.

Case No. 58,919 is reversed and case No. 59,113 is affirmed.